■ In the Matter of DEBORAH STOKES et al., Appellants, v JOAN STOKES et al., Respondents.—Order of the Family Court, New York County, entered December 5, 1977, which summarily denied motion by the Catholic Home Bureau to modify and motion by the foster parents, Mr. and Mrs. Ruiz, to vacate, on grounds of newly discovered evidence, order of the Family Court, New York County, entered December 21, 1976, directing that the five-year-old child Deborah be discharged from foster care and transferred to the custody of her natural mother as of January 15, 1977 on a trial basis, unanimously reversed, on the law, without costs or disbursements, the motions granted, the order entered December 21, 1976 vacated and the matter remanded to the Family Court, New York County, for further proceedings on the custody petition of the natural mother and on the petition for review of foster care brought by the Catholic Home Bureau. Pending further determination of the child's custody by the Family Court, the child should be returned to her foster parents, Mr. and Mrs. Ruiz. Appeal from the order entered December 21, 1976 dismissed, as academic, without costs or disbursements. We are of the opinion that there should be an end to the disjunctive proceedings that have afforded this child (now six years of age) little opportunity to live in a stable and safe environment. Shortly after her birth she was placed with foster parents, Mr. and Mrs. Ruiz, when her natural mother was unable to care for her properly. On

December 21, 1976 after a consolidated hearing on the petitions, the Family Court ordered the child returned to her natural mother for a trial period of six months. The child continued to reside with her natural mother until February, 1978 when, we are informed (and it is not controverted), the child and the other children of the natural mother were removed from the natural mother's home and placed temporarily with other foster families, by an order of the Family Court, Kings County, in a neglect proceeding instituted there. According to this information the child now resides with the new foster parents, pending the outcome of further proceedings in the Kings County Family Court. In our view, the order of December 21, 1976 was based upon an erroneous conclusion that retransfer of the child to its natural mother was in the "best interest of the child" *(Matter of Bennett v Jeffreys,* 40 NY2d 543). It appears from the evidence presented at the hearing which resulted in the order of December 21, 1976 that the natural mother has a history of drug addiction for over 17 years (although she claims now to be drug free), that the man with whom she lived had physically abused the child as well as the other children of the natural mother, and that two of the other children who resided with the natural mother have certain physical and related problems which add to the difficulty the natural mother must experience in performing her daily tasks. Although there was testimony from a representative of the Department of Social Services that the department's position was that the child should be returned to her natural mother, this appeared to be a matter of hearsay opinion. None of the persons who made the recommendation had ever met the child, the natural mother or the foster parents or conducted any psychiatric examination of the child. At the hearing, however, there was psychiatric testimony by the chief psychiatrist of the New York Foundling Hospital who had examined Deborah that Deborah's separation from her foster parents produced symptoms of anxiety in the child and that such separation would be detrimental to the child's physical and mental health. Finally, there was evidence that the home of the foster parents provided a healthy, safe environment for the child. It does not appear, on review of the hearing record, that the best interest of the child was served by granting custody to the natural mother. Furthermore, subsequent to the order of December 21, 1976 appellants moved to reopen the proceedings on the grounds of newly discovered evidence. They sought in that connection to submit evidence to the Family Court that the natural mother was drinking, that the child had been struck by another man who was now living with the natural mother, and that the natural mother was pregnant with her fifth illegitimate child. The Family Court's summary denial of appellants' motions was error *(People ex rel. Lundry v Lundry,* 37 AD2d 857; Social Services Law, § 392, subd 10; CPLR 5015). The evidence appellants sought to present was relevant and worthy of serious consideration on the issue of the child's custody. Because considerable time has elapsed since the trial court issued the order of December 21, 1976 we are remanding the proceeding to the trial court for a further psychiatric examination of the child and a further hearing on the issues of fact generated by the newly discovered evidence, all to the end of ascertaining the best interest of the child. Concur —Birns, J. P., Evans, Lane, Yesawich and Sandler, JJ.