In the Matter of DEBORAH STOKES. JOAN STOKES, Respondent-Appellant; STANLEY BREZENOFF, as Commissioner of the New York City Department of Social Services, Appellant; JOSE RUIZ et al., Intervenors-Respondents.

First Department, December 11, 1980

#### APPEARANCES OF COUNSEL

*Gary R. Connor* and *Paula Galowitz* of counsel *(Arnold Rothbaum* and *Morton B. Dicker,* attorneys), for respondent-appellant.

*Helene Holmes* of counsel *(Allen G. Schwartz, Corporation Counsel,* attorney), for appellant.

*Thomas P. Burke,* Law Guardian.

*Barry K. Mallin* for Jose Ruiz and another, intervenors-respondents.

*Frederick J. Magovern* for Catholic Home Bureau, intervenor-respondent.

#### OPINION OF THE COURT

KUPFERMAN, J.

We would affirm the order of the Family Court on the careful and thoughtful opinion and findings of fact and conclusions of law of DEMBITZ, J. *(Matter of Deborah S.,* 100 Misc 2d 485).

This matter has gone on much too long. There is no dispute about the fact that the mother is not qualified and that the Ruiz family is qualified and desires to have the child. We do not need another hearing.

Accordingly, the order of the Family Court, New York County (DEMBITZ, J.), entered on June 11, 1979, should be affirmed without costs and without disbursements.

BLOOM, J. (dissenting). Deborah, the child who is the center of this controversy, is now eight years old. Shortly after her birth in 1972, she was voluntarily placed in foster care with the Department of Social Services. The department designated the Catholic Home Bureau as the agency to place and supervise the child in foster care. The bureau placed Deborah with the Ruiz family.

In 1976, the bureau instituted a foster care review proceeding. In that proceeding, the mother, Joan Stokes, sought discharge of the child from foster care and the transference of custody to her. On December 21, 1976 the Family Court entered an order transferring the child to the custody of the natural mother on a trial basis effective January 15, 1977.

In February, 1978 a neglect proceeding was commenced in the Family Court, Kings County, based upon the mistreatment of the mother, Deborah, and the mother's other children by the man with whom the mother was then living. This proceeding led to an order dated November 18, 1978 finding Deborah and the other children of Joan Stokes to be neglected children. Deborah was placed with the Angel Guardian Home which, in turn, placed her in foster care with the Ludwig family.

Catholic Home Bureau and the Ruiz family appealed from the order of December 21, 1976. We reversed (*Matter of Stokes v Stokes*, 63 AD2d 949), vacated the order transferring custody to the natural mother and remanded for a new hearing on the application for review of foster care. We noted that the man with whom the mother then lived physically abused Deborah and the other children and that two of the children residing with the mother had "physical and related problems which add to the difficulty the natural mother must experience in performing her daily tasks" (63

AD2d at p 950). Review of the evidence by us led to the conclusion that the best interests of the child were not served by granting custody to the natural mother. Pending the rehearing we directed that custody be returned to the Ruiz family. However, in light of the subsequent placement of Deborah by the Family Court, Kings County, so much of our determination as directed the transfer of custody to the Ruiz family pending the rehearing was stayed by the order of a Justice of this court.

The hearing directed by us was subsequently held and resulted in a determination that foster care be continued with the Ruiz family *(Matter of Deborah S.,* 100 Misc 2d 485). A motion by the Ruiz family made in the foster care review proceeding to terminate the parental rights of the natural mother was denied "at this time" (100 Misc 2d, at p 494).

The "disjunctive" proceedings deplored by us in our prior determination has led to an unseemly jurisdictional dispute between two branches of the same court. The New York County foster care review proceeding looks clearly to the termination of the parental rights of the natural mother. The voluminous findings in that proceeding raise questions as to the fitness of the mother by reason of her chronic cohabitation with men harmful to her children; her limited mental development; her inability to supervise her children; her irregular attendance for psychotherapy treatments; and in other respects.

The Brooklyn proceeding, on the other hand, has been devoted to bringing Joan and her children, including Deborah, together as a family unit. Angel Guardian Home has brought the children together as frequently as possible and has been responsible for cultivating a relationship of devotion among them. It has arranged for Joan to visit Deborah with regularity and has attested to the warmth of those visits and the desire of the child to live with her mother. It has bent its efforts to aiding the mother to overcome her limitations.

The devotion of the Ruiz family to the child must be noted. They procured an order permitting them weekly visits and they have intervened in this proceeding. Nevertheless, more than four years have elapsed since Deborah

has lived with them. Part of that time was spent with her mother and, since 1978, she has lived with the Ludwigs. In the interim, she has developed close ties with her mother and her siblings. Whether the group has potential as a viable family unit, with the whole lending support and strength to each of its members, requires deeper exploration. Clearly, such exploration cannot be pursued effectively while proceedings affecting the child are divided.

Taking into consideration all of the circumstances here presented, we are of the opinion that the interests of the child would best be served by reversing the order of the Family Court in the foster care review proceeding and remanding the proceeding for a new hearing with the direction that the foster care review proceeding and the neglect proceeding be consolidated and heard simultaneously and as a single proceeding before the same Judge. Only in this fashion will the child be afforded the opportunity "to live in a stable and safe environment" which, we held, in our prior decision *(Matter of Stokes v Stokes, 63 AD2d 949, supra)*, to be the desired objective.

ROSS and CARRO, JJ., concur with KUPFERMAN, J. P.; FEIN and BLOOM, JJ., dissent in an opinion by BLOOM, J.

Order, Family Court of the State of New York, New York County, entered on June 11, 1979, affirmed, without costs and without disbursements.