■ THEODORE HIRSCHBERG, Individually and as Administrator of the Estate of HARRY HIRSCHBERG, Deceased, Respondent, v COMMUNITY GENERAL HOSPITAL OF SULLIVAN COUNTY, Defendant, and ADELINE MARTIN, as Administratrix of the Estate of J. ROBERT MARTIN, Deceased, Appellant. — Appeal from so much of an order of the Supreme Court at Special Term, entered June 25, 1979 in Sullivan County, as denied a motion by defendant Martin for summary judgment dismissing the second cause of action contained in the complaint. Plaintiff recovered damages from the State of New York for

the wrongful death of Harry Hirschberg based on gross negligence exhibited by State employees following his admission to the Middletown State Hospital. The cause of death was salicylate poisoning from the earlier ingestion of approximately 100 aspirin pills.* Defendant's decedent, Dr. J. Robert Martin, was a State psychiatrist at the time, but it is now alleged that he was also an agent or an employee of the defendant Community General Hospital of Sullivan County. By the present Supreme Court action, plaintiff seeks damages for the conscious pain and suffering Hirschberg endured on the date of this incident during the few hours immediately prior to his arrival at Middletown State Hospital. It appears that Hirschberg was first seen at the Community General Hospital, was then taken to Dr. Martin's office, and was ultimately conveyed to Middletown. In its decision reciting the facts and awarding damages for wrongful death, the Court of Claims found Dr. Martin to be, at all times herein, an employee of the State. The Attorney-General has undertaken the defense of his estate in this action, and its motion for summary judgment is predicated on a claim that there has been a prior determination based upon the same facts and circumstances, i.e., *res judicata*. It should be noted that both defendants moved for summary judgment and that Special Term granted the motions insofar as they related to plaintiff's cause of action for wrongful death. However, it denied both motions as to the cause of action for conscious pain and suffering. Only the estate of Dr. Martin has appealed to this court. While recovery may be seriously in doubt or the damages *de minimus,* it is plain that a cause of action for conscious pain and suffering does exist. The observation that Dr. Martin was a State employee at the time decedent was placed in the hands of the State at the Middletown State Hospital was not necessary to the basis on which final judgment was awarded by the Court of Claims. Thus, its finding in that regard was gratuitous and cannot be used to support a claim of preclusion or estoppel (cf. *Ripley v Storer,* 309 NY 506). The period now in question, although brief, gives rise to a separate and distinct cause of action in negligence (see *Bradshaw v State of New York,* 24 AD2d 930) and plaintiff has the clear right to maintain that action subject to whatever defenses may be interposed (cf. Public Officers Law, § 17, subd 4; *De Vivo v Grosjean,* 48 AD2d 158). Order affirmed, with costs. Mahoney, P.J., Sweeney, Kane, Casey and Mikoll, JJ., concur.

---

* There was no award for conscious pain or suffering as the court found "no evidence, other than mild discomfort, of any pain".