## (April 8, 1982)

■ In the Matter of RICHARD SS. et al., Alleged to be Neglected Children. ST. LAWRENCE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent-Appellant; SHERRY SS. et al., Appellants-Respondents. — Cross appeals from an order of the Family Court of St. Lawrence County (Follett, J.), entered January 5, 1981, which adjudicated respondents' three children to be neglected, placed the children in the custody of the Department of Social Services for 18 months, and directed that the children remain in the physical care of respondents. Respondents Sherry and Richard SS. are the parents of Richard A., Kevin and Daniel SS. By petition dated August 25, 1980, petitioner commenced a proceeding in Family Court against respondents which alleged that their children, ages 12, 10 and 8, respectively, were neglected within the meaning of article 10 of the Family Court Act. A fact-finding hearing was begun on November 24, 1980. After five witnesses had been called by petitioner, respondents, who were represented by separate counsel, admitted the truth of various allegations contained in the neglect petition. Specifically, respondents conceded that they had failed to provide proper supervision or guardianship and an adequate education for their oldest child, Richard, by admitting that the child had engaged in various criminal activity and been absent from school 50 times during the previous school year. Based on these admissions, Family Court found all three of the children to be neglected and closed the fact-finding hearing. At the subsequent dispositional hearing, Family Court ordered that the children be placed in petitioner's custody for 18 months. Family Court refused, however, to remove the children from the parents' physical care and directed that they not be removed from respondents unless "a substantial breakdown in functioning within the family" was demonstrated. Additionally, respondents were placed under an order of protection requiring, *inter alia,* that they not use drugs unless actually prescribed by a physician and that they inform each physician of any medication prescribed by others. Respondents have separately appealed and petitioner has cross-appealed Family Court's order. The first issue raised by both respondents concerns the finding of neglect as to the two younger children. While they concede that the admissions made regarding the neglect of Richard may be used as evidence on the issue of the two younger children's neglect (see Family Ct Act, § 1046, subd [a], par [i]), respondents argue that these admissions, standing alone, are insufficient to support a finding that the two younger children were neglected. While we agree with respondents' statement of law that some additional evidence must be introduced before the local agency will be found to have sustained its burden of proving that a child's physical, mental or emotional condition "has been impaired or is in imminent danger of becoming impaired" (Family Ct Act, § 1012, subd [f], par [i]) due to some failure on the part of the parents (*Matter of Sais,* 94 Misc 2d 40), it is our view that such additional evidence was present in the instant proceeding. Testimony given before the close of the fact-finding hearing regarding the activities of the two younger children provides the

additional evidence needed to support Family Court's determination that they were neglected. In its cross appeal, petitioner challenges the propriety of that portion of the dispositional order which directed that the children physically remain with the parents while custody was given to the department. Petitioner argues that such a disposition, with the directive that the children remain with respondents until a substantial breakdown in the functioning of the family is demonstrated, improperly limits the local agency's discretion in providing for those children entrusted to its care. We agree. Section 1052 specifically enumerates the types of dispositions which the Family Court may make in a proceeding under article 10 of the Family Court Act. Upon a finding of neglect, if the court does not wish to release the child to the custody of the parents (Family Ct Act, § 1052, subd [a], par [ii]), it may enter an order "placing the child in accord with section one thousand fifty-five" (Family Ct Act, § 1052, subd [a], par [iii]). We find nothing in section 1055 of the Family Court Act which empowers the Family Court to interfere with the local agency's discretion regarding physical placement of a child once the decision is made to place the child in the custody of the agency (cf. *Matter of William LL.*, 84 AD2d 877). Nor, as suggested by the dissent, does subdivision 1 of section 383 of the Social Services Law provide authority for the disposition made in this matter by the Family Court. That provision prohibits a local agency in whose care a child has been placed from giving *custody* of the child to the parents in the absence of court approval or directive. It does not empower a court to award *custody* of a child to the local agency and direct *physical placement* with the parents. Since Family Court acted without authority in its disposition of this proceeding, a new disposition must be made. While this court has the power to make an appropriate disposition based upon the record before it (see *Shipman v Words of Power Missionary Enterprises*, 54 AD2d 1052), we decline to do so and instead remit the matter to Family Court for a proper disposition pursuant to section 1052 of the Family Court Act. In view of the time which has elapsed since the initial dispositional hearing was held on December 18, 1980, a new dispositional hearing should be conducted before any further order is made by Family Court. Our decision to remit this proceeding for a new disposition makes it unnecessary for us to reach respondents' arguments concerning the propriety of the order of protection imposed by Family Court. However, in order to guide the parties on remand, we note that any order of protection made following a dispositional hearing need only satisfy the requirements of being reasonable to carry out the court's disposition (Family Ct Act, § 1056) and be based upon material and relevant evidence (compare Family Ct Act, § 1046, subd [c], with § 1046, subd [b]). Order reversed, on the law, without costs and matter remitted to the Family Court of St. Lawrence County for further proceedings not inconsistent herewith. Mahoney, P. J., Sweeney, Kane and Casey, JJ., concur.

Levine, J., dissents and votes to affirm in the following memorandum. Levine, J. (dissenting). I respectfully dissent from so much of the majority's decision as reversed the Family Court order of disposition placing the children in the custody of the Department of Social Services (the department) but directing that the children physically remain with the parents. The record reveals the Family Court's dilemma in making an appropriate disposition in the best interests of the children: the parents had a well-documented history of antisocial and irresponsible behavior, clearly and substantially affecting the oldest of the three children. On the other hand, the evidence of neglect of the two younger children was based largely on the neglect of the oldest child, and as the court noted, conditions at home appeared to have improved in the several weeks before the dispositional hearing. This experienced Family Court

Judge must also have considered the now well-recognized disadvantages of foster care placement, and its potentially deleterious effects on children (see Social Services Law, § 384-b, subd 1, par [b]; see, also, generally, Sherman, Neumann and Shyne, Children Adrift in Foster Care: A Study of Alternative Approaches [1973]; Mnookin, Foster Care — in Whose Best Interests?, 43 Harv Educ Rev 599). Weighing these factors and considerations, the Family Court opted against leaving custody with the parents and merely placing them under supervision pursuant to section 1054 of the Family Court Act. It also declined to make a disposition which would have resulted in the immediate removal of those children to foster homes, as urged by the department. The court selected a functional middle ground, placing legal custody with the department and directing that the children physically remain for the time being with the parents. This disposition, under the circumstances, seems to be quite sensible. Legal custody gave the department far more authority over the children than would an order of supervision under section 1054, and depriving the parents of formal legal custody was far more likely to impress the parents with the seriousness of their misconduct and the consequences of its continuation than an order of supervision. The court's tailoring of the dispositional order to fit the facts and circumstances of this particular case represents the kind of sensitive exercise of direction which ought not to be struck down unless expressly prohibited by the statute. The majority appears to take a far more restrictive view of the powers of the Family Court, limiting the court's discretion in a dispositional hearing strictly to a literal reading of the statutory alternatives. This, in my view, is contrary to the legislative intent in creating the Family Court. As stated in section 141 of the Family Court Act: "This act defines the conditions on which the family court may intervene in the life of a child, parent and spouse. Once these conditions are satisfied, the court is given a wide range of powers for dealing with the complexities of family life so that its action may fit the particular needs of those before it. The judges of the court are thus given a wide discretion and grave responsibilities." A fair reading of the pertinent provisions of the Family Court Act and related statutes, consistent with the foregoing expression of legislative intent, affords an ample basis for the court's disposition here. The court placed legal custody of the children with the department, as it was authorized to do under subdivision (a) of section 1055 of the Family Court Act. The department had the authority to give physical possession of the children to the parents under subdivision 1 of section 383 of the Social Services Law, and indeed, I would think that this authority is frequently exercised by departments of social services particularly as a transition before the expiration of a period of placement. Contrary to the majority's holding, the placing of legal custody of the children with the department does not exhaust the court's discretion. Subdivision (c) of section 1055 of the Family Court Act expressly empowers the Family Court to exercise supervisory authority following placement, including invoking the court's broad powers to direct the agency's efforts under section 255 of the act (see *Matter of Edward M.,* 76 Misc 2d 781, affd *sub nom. Matter of Murcray,* 45 AD2d 906). It has been held that the Family Court may determine with what foster parent a child placed with a social services department should reside (*Matter of Deborah S.,* 100 Misc 2d 485, 488, affd *sub nom. Matter of Stokes,* 77 AD2d 492, app dsmd 52 NY2d 1016, mot for lv to app den 53 NY2d 602). If the Family Court has the authority to select a particular foster parent for a child placed with the department, it should have similar authority to direct that the child remain with a parent. For all the foregoing reasons, the Family Court order should be affirmed in its entirety.