OPINION OF THE COURT
Nanette Dembitz, J.
This proceeding was brought by the Catholic Home Bureau, the foster care agency for 10-year-old Deborah S., to terminate her mother’s parental rights in order to free her-for adoption by her foster parents. Deborah has been in foster care since birth, except for a period of 14 months with her mother, which ended in a court-ordered replacement in foster care because of the mother’s neglect.
The Catholic Home Bureau (CHB) moves for summary judgment in the instant termination case, on the basis of “[clollateral estoppel (or issue preclusion as is its more modern name * * *)”,[1] arguing that all material issues of fact have been decided in the prior extensive litigation *178 about Deborah’s care. Petitioner’s motion must be denied despite the fact that a lengthy retrial of issues will thereby be required. While the criteria for collateral estoppel are largely fulfilled (point I below), its use is nevertheless precluded, in this court’s opinion, by the repercussions of the Supreme Court’s recent decision in Santosky v Kramer (455 US 745), establishing a new standard of proof for the termination of parental rights. As explained below (point II), respondent’s opportunity in prior proceedings to litigate regarding compliance with the Santosky standard, was insufficient to support issue preclusion in the instant case.
I. COLLATERAL ESTOPPEL FACTORS IN PETITIONER’S FAVOR
A. Determination of Same Issues in Prior Litigation
As petitioner contends, the purpose of the collateral estoppel doctrine — to “relieve parties of the. cost and vexation of multiple lawsuits * * * [and] conserve judicial resources”* [2] — would undoubtedly be served by grant of the CHB motion for summary judgment. For, the question of Deborah’s custody and welfare has already been the subject of three lengthy trials before three different Judges as well as three appeals.[3]
The prior cases all arose under the foster care review section of the Social Services Law (Social Services Law, § 392); and they concerned the question of whether Deborah should remain with or be returned to, her foster parents. (She had gone into their care directly from the *179 hospital of delivery after her birth with drug withdrawal symptoms, and remained with them for the first five years of her life.) The question in the instant case is of course a much graver one than foster care, which is envisioned as a short-term measure during temporary parental incapacity. Instead of the foster care review provisions of section 392 of the Social Services Law this suit arises under the “permanent neglect” provisions of section 384-b of the Social Services Law and article 6 of the Family Court Act; and the question is whether respondent mother’s rights and connection with Deborah should be finally and completely severed so that the child may be afforded the stability and exclusivity of adoption in place of the limbo of foster care.
The collateral estoppel doctrine “requires an exploration of the various elements which make up the realities of litigation” (Schwartz v Public Administrator of County of Bronx, 24 NY2d 65, 72). Here, despite the difference between the prior and instant causes of action and the statutory provisions therein, the “realities of litigation” show, as petitioner contends, that findings tantamount to those required in a termination case were made by this Judge in the 1979 Family Court foster care proceeding. (See Matter of Deborah S., 100 Misc 2d 485 [and filed supplemental findings therein], affd 77 AD2d 492, mot for lv to app den 53 NY2d 602, supra.)
In a permanent neglect-termination case, the findings required in the crucial and customarily lengthy “fact-finding” stage are that the parent has neglected the child in a specified fashion despite the foster care agency’s “diligent efforts” to strengthen the parent-child relationship. (See Family Ct Act, § 614, subd 1, pars [c], [d]; Social Services Law, § 384-b, subd 7, pars [a], [c], [f].) It is true that the findings in the foster care case — including the finding as to the Catholic Home Bureau’s “diligent and conscientious efforts * * * to help the mother with her psychological, medical, financial, and housing problems,”[4] do not parrot the words of the termination statute. However, it certainly is more significant to flesh out the statu *180 tory phrases than to recite them. Comparing the substance of the 1979 findings with those required for a “fact finding” in the instant termination proceeding, they are sufficiently identical to establish collateral estoppel, or issue preclusion, in the instant case.
Finally, collateral estoppel is applicable to preclude retrial of the “fact-finding” issues despite the interim between the periods involved in the 1979 findings and the date of filing of the instant termination petition. One of the “realities of litigation” (see Schwartz v Public Administrator of County of Bronx, 24 NY2d, at p 72, supra) is the doctrine that parental neglect during any “period of more than one year” of a child’s foster care can support a fact finding in a permanent neglect case,[5] and activate the “dispositional” stage, in which the court determines whether adoption is in the child’s best interest. However, the disposition must focus on the child’s current best interests. (Family Ct Act, §§ 623, 624.) Petitioner’s suggestion that a dispositional order for a child’s adoption could be based on collateral estoppel and a past determination of his interests, must therefore be rejected. At the same time, as pointed out above, petitioner’s contention is valid regarding the preclusion of the “fact-finding” issues because of their past determination.
B. Identity of Parties and Equivalent Interest in Prior and Present Litigation
The question in collateral estoppel cases of whether the parties in the relevant litigation are sufficiently identical,[6] need not detain us. Not only are the parties the same in the past and instant cases, but even the attorneys for peti *181 tioner and respondent are the same who have been joined in battle ever since the first proceeding about Deborah.
Somewhat more complex is the question of whether respondent can reasonably be expected to have pursued the relevant issues with the same zeal in the prior litigation as she would in the instant case. Unless the test of equivalent zeal is met, it is deemed unfair to preclude the losing party from litigating or relitigating the issue.[7]
In support of respondent’s argument that this criterion of collateral estoppel is here unsatisfied, it is true that termination of parental rights — petitioner’s goal herein — is the most serious step of any in parent-child relations.[8] Further, it was clear in the prior contest as to Deborah’s foster care that the drastic remedy of termination could only be ordered in a separate, future action. On the other hand, it was also clear that a termination suit against respondent would be likely only if she lost the foster care suit.[9] Thus, in the specific legal framework here involved, respondent “had every incentive to litigate * * * fully and vigorously” in the previous action (see Parklane Hosiery Co. v Shore, 439 US 322, 332). The case at bar is therefore clearly distinguishable from Shanley v Callarian Inds. (54 NY2d 52), where the “foreseeability of future litigation” prohibited the use of collateral estoppel because that prospect seemed to have narrowed the presentation of evidence in the prior case (54 NY2d, at p 56). Here respondent’s zeal in the past litigation was likely for the very reason of the foreseeability of a termination suit.
II. DENIAL OF COLLATERAL ESTOPPEL BECAUSE OF SUPREME COURT DECISION
Despite the above points in favor of petitioner’s motion *182 for summary judgment, its denial is required in this court’s opinion because of the new rule as to the quantum of proof in termination cases established by Santosky v Kramer (455 US 745, supra).
At the time of the 1979 foster care proceeding the quantum of proof applicable in foster care review and in a permanent neglect-termination case was substantially the same: proof by a preponderance of the evidence.[10] If that standard still prevailed in the latter proceedings, the findings in the 1979 foster care case would suffice to establish collateral estoppel as to the fact finding in the case at bar.
However, in Santosky v Kramer (455 US 745, supra), the Supreme Court held that the quantum of proof prescribed by statute for a permanent neglect case violated the constitutional guarantee of due process. Because of the importance of a parent’s right to a relationship with his child, the right cannot be terminated, according to the Supreme Court holding, unless the allegations are supported by at least “clear and convincing evidence.” (455 US, at p _, supra.) As a result of this new standard of evidence in termination cases, there is a fatal flaw in petitioner’s argument for collateral estoppel: the flaw is that respondent has not had the opportunity to attempt to show the deficiency of petitioner’s evidence under the current standard. And a “full and fair opportunity” in a prior proceeding to litigate the instant issues, is fundamental and basic to accomplish an estoppel.* [11] Though the substantive issues here are the same as in the 1979 case, the quantum of proof issue has been changed.
*183 In support of collateral estoppel despite Santosky, petitioner points out that relevant findings in the previous litigation were explicitly based on “clear and convincing” proof or an equivalent standard, as Santosky thereafter prescribed for termination cases (see 100 Misc 2d, at pp 487, 489, 492, and filed supplemental findings).[12] However, respondent correctly argues that this court’s use of the Santosky standard was “gratuitous”[13] and was not “‘necessary to the result in the first suit’” (Hinchey v Sellers, 7 NY2d 287, 293; see, also, Capital Tel. Co. v Pattersonville Tel. Co., 56 NY2d 11, 17, 19, supra). Thus, respondent was not alerted to the need to argue in the trial court that the evidence failed to meet the Santosky standard. In this sense she lacked in the prior litigation a full and fair opportunity to litigate an issue now relevant in a termination case. This court must therefore deny petitioner’s motion for summary judgment on the ground that a new quantum of evidence argument is available to respondent.
“As the consequences of a determination that a party is collaterally estopped from litigating a particular issue are great, strict requirements for application of the doctrine must be satisfied * * *
“One of the fundamental principles of our system of justice is. that every person is entitled a day in court” (Gramatan Home Investors Corp. v Lopez, 46 NY2d 481, 485, supra).
*184 The result herein is undesirable from the standpoint of conservation of the court’s resources, because another trial concerning Deborah’s custody is likely to be even lengthier than the three prior ones. But certainly the trial and appellate litigation over the relationships and care of this one little girl, born in poverty and deprivation, testifies to the access to the courts available for the underprivileged in matters relating to the rights of parents and children. (Deborah’s legal history also testifies, unfortunately, to the instability and confusion sometimes added to a child’s misfortunes by the conflicts and delays in the bureaucratic and legal apparatus controlling her destiny.)[14]

. See Capital Tel. Co. v Pattersonville Tel. Co. (56 NY2d 11, 17). See Gramatan Home Investors Corp. v Lopez (46 NY2d 481, 483), for similar invocation of summary judgment procedure.
*178 In New York the “offensive” use of collateral estoppel is established. (See B.R. DeWitt, Inc. v Hall, 19 NY2d 141, 143; see, also, Parklane Hosiery Co. v Shore, 439 US 322, 331.)

. (See Allen v McCurry, 449 US 90, 94; see, also, People v Berkowitz, 50 NY2d 333, 344).

. For the history of the case, see Matter of Stokes v Stokes (63 AD2d 949), reversing a Family Court decision to discharge Deborah to her mother; Matter of Deborah S. (100 Misc 2d 485, affd 77 AD2d 492, mot for Iv to app den 53 NY2d 602), ordering Deborah’s return to her long-time foster parents; opinion of Family Court Judge Rand, dated May 11,1981, appeal pending, extending Deborah’s foster care. The instant motion is mainly based on a trial before this Judge that included at least 40 hours of testimony and culminated in an opinion including findings (100 Misc 2d 485) as well as 38 pages of filed supplemental findings.

. For findings as to similar efforts by the Angel Guardian Home, during that agency’s supervisory period and other findings herein relevant, see 100 Misc 2d, at pp 490, 491, 486, 494; and filed supplemental findings.

. (See Family Ct Act, § 614; Matter of Shantal M.K., 68 AD2d 482, 483, 486; Matter of Melanie Ruth JJ, 76 AD2d 1008, Í009; Matter of Stephen B., 60 Misc 2d 662, 667, affd sub nom. Matter of Behrman, 34 AD2d 527; Matter of Sonia V. R., 97 Misc 2d 694, 697, affd 74 AD2d 1009).
As to an equitable time limitation if, for example, the year of the mother’s neglect is both long past and unrelated to the child’s present situation, see Matter of Marilyn H. (106 Misc 2d 972, 985). Here however there is no warrant for an exception to the statutory coverage.

. See Montana v United States (440 US 147, 153) as to this factor in estoppel.

. See Gilberg v Barbieri (53 NY2d 285, 293), where defendant could not have been “expected to defend with same vigor” in prior suit as in later one and therefore was held not to be estopped by prior determination; compare B.R. DeWitt, Inc. v Hall (19 NY2d, at p 143), as to collateral estoppel when “full vigor” expended in prior litigation. See, also, Matter of American Ins. Co. (Messinger) (43 NY2d 184, 192).

. See Lehman v Lycoming County Children’s Servs. Agency (_US_,_, n 6, 50 USLW 5010, 5011, n 6); Matter of Rickey Ralph M. (56 NY2d 77, 80, 85).

. See Matter of Deborah S. (77 AD2d, at p 494 [dissent]). And a direction to file such a petition might have been entered soon after the 1979 Family Court order for Deborah’s return to her foster parents (see 100 Misc 2d, at p 494), but for the Appellate Division’s stay of the return pending determination of the appeal.

. The Family Court Act requires support for fact findings in a permanent neglect case by a “fair preponderance of the evidence.” (Family Ct Act, § 622.) Section 392 of the Social Services Law, governing foster care review, specifies no quantum, referring only to judicial determinations “upon the proof adduced”. (Social Services Law, § 392, subd 7.) The “preponderance of the evidence” standard generally applicable in civil cases, is therefore implicit in section 392 of the Social Services Law. (See 9 Wigmore, Evidence [Chadbourn rev], 8 2498.)

. See Allen v McCurry (449 US 90, 95), as to this crucial requirement; Schwartz v Public Administrator of County of Bronx, (24 NY2d 65, 71), as to New York’s adoption of *183 the “full and fair opportunity test in applying the doctrine of collateral estoppel”; also Hazard, Revisiting the Second Restatement of Judgements: Issue Preclusion and Related Problems (66 Cornell L Rev 564, 575-579).

. That standard had been enforced by this court not only in permanent neglect cases (see Matter of Marilyn H., 106 Misc 2d 972, 978-980), but also in other cases involving serious custodial questions.
The Supreme Court, concerned with recognition of the importance of the affected interest rather than a verbal ritual (see Santosky v Kramer, 455 US, at pp_-_, —), refers to “ ‘clear and convincing evidence’ or its equivalent’ (455 US, at p_, n 3,102 S Ct, at p 1392, n 3; emphasis added). It also speaks of the State court’s power to formulate “a burden equal to” the clear and convincing standard. (455 US, at p —)

. See Ripley v Storer (309 NY 506, 512); Hirschberg v Community Gen. Hosp. of Sullivan County (80 AD2d 945, 946) as to the inapplicability of collateral estoppel to a “gratuitous” finding.

. E.g., the order for Deborah’s return to her long-time foster parents was stayed for 20 months pending exhaustion of the appellate process. See stays issued in appellate process in connection with Matter of Deborah S. (77 AD2d 492, affg Family Ct order in 100 Misc 2d 485, mot for lv to app den 53 NY2d 602).