OPINION OF THE COURT
William P. Warren, J.
This is an application by the Law Guardian for the infant H. R. seeking an order pursuant to New York Family Court Act § 1017 (2) (b) directing that he be placed in the certified foster home of Mr. and Mrs. S. In support of the application is an affirmation of Jacqueline Sands, Esq. dated December 1, 1992. The Rockland County Department of Social Services *857 opposes the application and has filed an affidavit in opposition of Barbara Wilmit, Esq. dated December 22, 1992 and an affidavit of Marion Keller dated December 22, 1992.
The undisputed facts herein are that H. R was born on November 14, 1992 at Nyack Hospital. His mother had used crack/cocaine during her pregnancy. Shortly after the birth, the child tested positive for drugs and the presence of syphilis. On November 16, 1992 this court issued a temporary order directing the removal of the child and placement with the Department of Social Services.
The mother of H. R has three other children, all of whom are under four years of age. These children were all declared neglected children, have previously been placed in the custody of the Commissioner of Social Services, and two of them have been freed for adoption. The Commissioner has placed these three siblings in the physical custody of the S. family as certified foster parents.
The Law Guardian argues that the Commissioner should be required to place the newborn child with his siblings in the S. certified foster home. She contends that the foster mother has offered to take the child but has been rejected by the Department of Social Services because, amongst other reasons, there are too many children in the home. Her office has had a social worker visit the S. home and she is satisfied that the children are well cared for, loved, and that the home provides these children with the best opportunity for a permanent and stable home.
The Department of Social Services avers that it is bound to follow the regulations of the New York State Department of Social Services, 18 NYCRR 431.10, and that to do so in this case would require the removal of all of the half-siblings of H. R. from the S. home if these four children are to be together. Alternatively, the Department contends that the three children already in the S. home should remain there with the youngest child entering a new foster home.
The S. home now has eight children whose ages are 14, 12, 11, 9, 3, 3, 2 and 1. They live in a four-bedroom townhouse. Mr. and Mrs. S. share their bedroom with one of the three-year-old children. This child is severely, multiply handicapped and because of his condition, the S. family is provided with the services of a personal care aide through the Department of Social Services. Two of the youngest children have been classified as handicapped and attend special education pres *858 chool programs. The child H. R. was born drug addicted and suffering from venereal disease. It is the Department’s contention that in its experience, children who are born with the conditions that H. R. has, often suffer seizures, developmental delays, and require special care.
Because of the number in the S. home and the special needs of these children, it argues that placement of another child in that home would not only be contrary to the best interests of that child, but would jeopardize the care now being provided to the other eight children.
New York Family Court Act § 1027-a reads as follows: "When a social services official removes a child pursuant to this part, such official shall place such child with his or her minor siblings or half-siblings who have been or are being remanded to or placed in the care and custody of such official unless, in the judgment of such official, such placement is contrary to the best interests of the children. Placement with siblings or half-siblings shall be presumptively in the child’s best interests unless such placement would be contrary to the child’s health, safety, or welfare. If such placement is not immediately available at the time of the removal of the child, such official shall provide or arrange for the provision of such placement within thirty days.”
The regulations of the New York State Department of Social Services require that diligent efforts are made to place siblings together. 18 NYCRR 431.10 (a) provides as follows: "Foster children who are siblings or half-siblings must not be unnecessarily separated. The local social services district is responsible for ensuring that diligent efforts are made to secure a foster family boarding home or agency boarding home which is willing and able to accept the placement of the siblings together, unless placement together is determined to be detrimental to the best interests of the siblings. Such efforts must be documented in the case record in accordance with section 428.6 (b) (6) of this Title.”
It is clear from both the statutory and regulatory language that the State of New York has a strong policy of keeping siblings together. It is this court’s view that such a policy should be given the highest priority in situations such as that before the court today. The four children of C. B. have no prospect of being reunited with her as a family unit since the parental rights of two of those children have already been terminated. The fathers of those children have not taken any *859 active interest in pursuing contact with them. The only biological ties these children have are to each other. Therefore, it becomes increasingly important that they maintain regular and ongoing contact with one another.
New York Family Court Act § 1017 was enacted by the State Legislature through chapter 744 of the Laws of 1989. Prior to that time, the reported cases were divided over the validity of Family Court orders directing the placement of a child with a particular individual or individuals. (See, Matter of James B., 96 AD2d 730; Matter of Richard SS., 87 AD2d 915; Matter of Stokes, 77 AD2d 492.) By the enactment of New York Family Court Act § 1017, the State Legislature expressly authorized the Family Court in its discretion to direct that the Commissioner of Social Services have the child reside in a specific certified foster home where the court determines that such placement is in furtherance of the child’s best interests. New York Family Court Act § 1027-a makes placement with siblings or half-siblings presumptively in the child’s best interest. Since placement with siblings or half-siblings is presumptively in the child’s best interest, it is the burden of the Commissioner of Social Services to demonstrate that such placement is contrary to the child’s health, safety or welfare. The affirmation presented in opposition to the application and the affidavit which accompanied it do not overcome the presumption. There is nothing in those papers that convinces the court that the child’s health, safety or welfare would be in jeopardy if he were placed in the S. foster home. There was nothing presented to indicate that the children presently in the home are receiving anything less than competent care. What was presented was speculation as to what might happen if the infant H. R was to be added to the home. In light of the presumption established in law and regulation, more than speculation is required to prevent siblings from being united. Consequently, the court directs that the Commissioner of Social Services place the infant H. R. with the S. foster family.
The Commissioner’s concerns with regard to the care of this child in the S. foster family are legitimate. The court expects that the Commissioner will monitor the care and well-being of the infant while in the certified foster home. In the event the Commissioner learns of any facts which indicate the health, safety, or well-being of this infant is endangered as a result of *860 the placement with the S. foster family, he may apply to the court for a hearing to be held to determine whether the infant’s best interests lie with a continuation of placement in this foster home.